**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL D. MITCHELL,

       Petitioner,

                                                Case No. 06-CV-13443
v.                                                  Honorable Gerald E. Rosen

JAN TROMBLEY,

       Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING**
**PETITION FOR WRIT OF HABEAS CORPUS**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Michael D. Mitchell, a state prisoner currently confined at the Saginaw Correctional Facility in Freeland, Michigan, alleges that he is being held in violation of his constitutional rights. For the reasons set forth below, the Court summarily dismisses the petition for writ of habeas corpus.

I.

Following a jury trial in Cass County, Petitioner was convicted of first-degree murder, MICH.COMP.LAWS § 750.316, for the death of his two-month-old son. On October 27, 1995, the trial court sentenced him to life imprisonment. Petitioner appealed his conviction and sentence to the Michigan Court of Appeals, which affirmed the conviction and sentence. *People v. Mitchell*, No. 190281, 1997 WL 33354430 (Mich.App. 1997). Petitioner thereafter filed leave to appeal with the Michigan Supreme Court, which held the case in abeyance pending cases on appeal–*People v. Crawford* (Docket No. 104696) and *People v. Starr* (Docket No. 107013, which the Michigan Supreme Court believed could resolve an issue raised in Petitioner's application for leave to appeal. *People v. Mitchell*, 572 N.W.2d 6 (1997).

On December 22, 1998, the Michigan Supreme Court, again considering Petitioner's application for leave to appeal, and with the decisions in *Crawford* (July 28, 1998) and *Starr* (June 2, 1998) being issued, remanded the case to the Court of Appeals for reconsideration in light of those cases. *People v. Mitchell*, 459 Mich. 924, 589 N.W.2d 779 (1998).

Petitioner's case was reconsidered by the Michigan Court of Appeals pursuant to the Michigan Supreme Court's December 22, 1998, opinion. After remand, the Court of Appeals again confirmed Petitioner's convictions and sentence. *People v. Mitchell*, No. 190281 (Mich.Ct.App., Mar. 18, 1999). On October 12, 1999, the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Mitchell*, 461 Mich. 883, 603 N.W.2d 637 (1999).

Petitioner then filed for post-conviction state court relief, which was denied by the trial court and both appellate courts. *People v. Mitchell*, No. 241849 (Mich.Ct.App. Mar. 4, 2003); *People v. Mitchell*, 469 Mich. 946, 670 N.W.2d 673 (2003).

Recently, Petitioner filed a motion for summary disposition with the state trial court requesting that his judgment of sentence be vacated and the felony information quashed because the court lacked subject matter jurisdiction. The trial court denied the motion. *People v. Mitchell*, No. 95-8355-FC (Cass Co. June 28, 2006).

Petitioner's instant petition was filed on August 1, 2006. In his pleadings, Petitioner challenges the state trial court's subject matter jurisdiction in his criminal case.

II.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law, or it may be summarily dismissed. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached

exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *see also Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

As noted, Petitioner asserts that he is entitled to habeas relief because the Cass County Circuit Court lacked subject matter jurisdiction over his case. The determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *Chandler v. Curtis*, 2005 WL 1640083, *2 (E.D. Mich. July 13, 2005) (Cohn, J.); *Groke v. Trombley*, 2003 WL 1708109, *5 (E.D. Mich. April 1, 2003) (Lawson, J.). It is well-settled that a perceived violation of state law may not provide a basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. *See Strunk v. Martin*, 27 Fed. Appx. 473, 475, 2001 WL 1450740, *2 (6th Cir. 2001). Petitioner has thus failed to state a claim upon which federal habeas relief may be granted. His petition must therefore be dismissed.[1]

---

[1] The Court notes that the petition may also be untimely under the one-year statute of limitations applicable to federal habeas actions. *See* 28 U.S.C. § 2244(d).

III.

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims raised in his petition.  Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus.

    **IT IS SO ORDERED**.


                    s/Gerald E. Rosen
                    Gerald E. Rosen
                    United States District Judge

Dated:  October 17, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 17, 2006, by electronic and/or ordinary mail.

                    s/LaShawn R. Saulsberry
                    Case Manager