UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. MITCHELL,

    Petitioner,                                            Case No. 06-CV-13443
                                                               Honorable Gerald E. Rosen

v.

JAN TROMBLEY,

    Respondent.
_____/

**ORDER DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY**

Petitioner, Michael D. Mitchell, has filed an application for a certificate of appealability concerning this Court's October 17, 2006, summary dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254. The Court dismissed Petitioner's petition on jurisdictional grounds.[1] On November 29, 2006, Petitioner filed a motion for rehearing, which the Court denied on December 27, 2006.

I.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

---

[1] The Court also noted in its October 17, 2006, opinion that Petitioner's petition may be untimely under the one-year statute of limitations applicable to federal habeas actions. *See* 28 U.S.C. § 2244(d).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, *supra* at 484-85. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal is warranted. *Id.*

II.

Petitioner, in his habeas petition, asserted that he was entitled to habeas relief because the Cass County Circuit Court lacked subject matter jurisdiction over his case. As explained in the Court's dismissal order, the determination of whether a particular state court is vested with

jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). Furthermore, it is well-settled that a perceived violation of state law may not provide a basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

On that basis, this Court finds that Petitioner has failed to demonstrate that reasonable jurists would find this Court's dismissal of his habeas petition debatable. *See Slack*, *supra* at 484-85.

Accordingly, the Court **DENIES** Petitioner's application for a certificate of appealability.

**IT IS SO ORDERED.**


                         s/Gerald E. Rosen
                         Gerald E. Rosen
                         United States District Judge

Dated: January 18, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 18, 2007, by electronic and/or ordinary mail.

                         s/LaShawn R. Saulsberry
                         Case Manager